UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:19-CR-17 |
| | ) |
| CODY ALLEN AYERS | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Cody Allen Ayers' Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), [Doc. 63]. The United States opposes Mr. Ayers' motion [Doc. 65]. For the reasons herein, the Court will deny Mr. Ayers' motion.

### I. BACKGROUND

In 2019, Mr. Ayers was indicted by a Federal Grand Jury on 2 counts related to the enticement of a minor to engage in sexual activity by means of interstate commerce and 2 counts related to the distribution and possession of child pornography [Sealed Indictment, Doc. 3]. He later pled guilty to one count of unlawfully and knowingly use or attempt to use any facility or means of interstate commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity in violation of 18 U.S.C. §§ 2422(b). Mr. Ayers was sentenced to 120 months imprisonment and 15 years supervised release for this offense [Judgement, Doc. 58].

Mr. Ayers now moves the court to vacate his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is prepared to rule on Mr. Ayers' motion.

### II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). One such exception is enumerated in 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The Court, either upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i)

Section 1B1.13 of the United States Sentencing Guidelines lists circumstances that may result in extraordinary and compelling reasons to reduce a sentence. U.S.S.G. §1B1.13. These include the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, or whether the defendant was a victim of abuse while serving the term of imprisonment sought to be reduced. If a court finds that extraordinary and compelling reasons exist for such a sentence reduction, it must also find that such a reduction is "consistent with applicable policy statements issued by the sentencing commission", and that a reduction comports with the factors set forth in 18 U.S.C. § 355(a). *United States v. Ruffin*, 978 F.3d 1000 (2020).

## III. ANALYSIS

To be successful in his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), Mr. Ayers must prove first that extraordinary and compelling reasons warrant such a reduction. To do so, he argues that this Court lacked subject-matter jurisdiction to convict him. Mr. Ayers alleges that Federal District Courts lack jurisdiction over Federal criminal cases, and as a result, his sentence should be vacated. This argument, however, is without merit.

As an initial matter, a motion under 18 U.S.C. § 3582(c)(1)(A) is not a viable mechanism to move for a vacation of his sentence. 18 U.S.C. § 3582(c)(1)(A) allows only for sentence reductions rather than vacations. The correct mechanism to move for vacation of Mr. Ayers' sentence is a motion under 28 U.S.C. § 2255, which he has already filed with this Court, and that motion has been denied.

Even if Mr. Ayers had correctly sought a reduction under 18 U.S.C. § 3582(c)(1)(A), his argument is meritless and does not constitute extraordinary and compelling circumstances. First, his only argument is related to the Court's subject matter jurisdiction and does not fall under any of the circumstances in U.S.S.G. §1B1.13 that the United States Sentencing Commission suggests may establish extraordinary and compelling circumstances. Further, 18 U.S.C. § 3231 expressly grants federal district courts original jurisdiction over all offenses against the laws of the United States. Mr. Ayers pled guilty to one charge under 18 U.S.C. §§ 2422(b), a federal criminal statute. Therefore, Mr. Ayers committed an offense against the laws of the United States. This Court had original jurisdiction over that offense, and his argument is meritless.

## IV. CONCLUSION

Because Mr. Ayers has failed to establish that any extraordinary and compelling circumstances entitle him to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), his motion is therefore **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE